## LOUISIANA RY. & NAV. CO. v. STATE.
### (Motion No. 8170;  No. 927—5020.)

Commission of Appeals of Texas, Section B.
May 29, 1929.

For former opinion, see 7 S.W.(2d) 71.

Bruce McMahan, of Greenville, and Touchstone, Wight, Gormley & Price, of Dallas, for plaintiff in error.

J. E. Abernathy, Co. Atty., and W. C. Dowdy, Asst. Co. Atty., both of McKinney, H. Grady Chandler, Asst. Atty. Gen., and W. P. Dumas, of Dallas, for the State.

SPEER, J. The motion for rehearing complains bitterly that we misconstrued the effect of the agreement referred to in the original opinion, the insistence being that when construed as a whole the agreement of counsel as to the facts upon which the trial court decided the case did not authorize the rendition of a judgment for penalty except in the event the taxes assessed for road districts 4, 8, and 9 were held valid and legal. We have carefully reconsidered the matter and have re-read the entire agreement which constituted the only evidence before the court. It is true the agreement states: "The only question for the court to decide in this case is whether the taxes assessed against the defendant for special road districts Nos. 4, 8 and 9, in Collin County, Texas, are valid and legal taxes assessed against defendant."

But it is evident this clause of the agreement was not intended to be exclusive or literally interpreted, since the agreement further stipulates: "The court is to determine the question of defendant's liability for 10% penalty and interest on amount tendered." And the agreement further stipulates: "That if the court holds that defendant is liable for the road taxes in special road districts Nos. 4, 8 and 9, then plaintiff is entitled to recover from defendant the sum of $1,483.97 for road taxes and 10% penalty on said amount together with 6% interest per annum of said amount from February 1, 1926."

There is no ambiguity in this language, and the court having held the defendant liable for the road taxes, it could not do otherwise under the agreed facts but render judgment also for the penalty. Whatever the actual intention of the parties was, it cannot overthrow the plain, unambiguous language of their written agreement upon which the court was invited to decide the case.

We recommend that the motion for rehearing be overruled.

For former opinion, see 14 S.W.(2d) 1007.